J-S55024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON EVANS, | |
| Appellant | No. 368 WDA 2015 |

Appeal from the PCRA Order Entered February 5, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003479-2012

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 14, 2015**

Appellant, Jason Evans, appeals from the February 5, 2015 order denying, as untimely, his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Additionally, Appellant's counsel, William J. Hathaway, Esq., has filed a petition to withdraw from representing Appellant, along with a **Turner/Finley**[1] no-merit letter.  After careful review, we affirm the PCRA court's order denying Appellant's petition and grant Attorney Hathaway's petition to withdraw.

On March 25, 2013, Appellant pled guilty to persons not to possess a firearm, 18 Pa.C.S. § 6105, graded as a felony of the second degree.  **See**

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

18 Pa.C.S. § 6105(a.1)(1). On May 23, 2011, the court imposed a sentence of five to ten years' incarceration. Appellant filed a timely post-sentence motion seeking credit for time served, which the court granted on May 30, 2013. Appellant did not file a direct appeal from his judgment of sentence.

On October 23, 2014, Appellant filed a *pro se* PCRA petition, asserting that the trial court imposed a mandatory minimum sentence that is illegal pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and this Court's *en banc* decision in ***Commonwealth v. Newman***, 999 A.3d 86 (Pa. 2014). ***See*** PCRA Petition, 10/23/14, at 4. The PCRA court appointed Attorney Hathaway to represent Appellant. On November 26, 2014, Attorney Hathaway filed an amended petition on Appellant's behalf, asserting that Appellant did receive a mandatory minimum sentence that "falls squarely within the parameters of … the new rule of law set forth by the ***Alleyne*** Court thereby compelling the striking of the judgment of sentence…." Amended PCRA Petition, 11/26/14, at 2 (unpaginated).

On December 23, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Therein, the court stated:

> As the Pre-Sentence Report (and plea sheet) bears out and the guidelines confirm, there was no mandatory sentence applicable for the [trial] [c]ourt to impose. [Appellant] was given a sentence from the standard range of the sentencing guidelines. Therefore, [Appellant's] PCRA petition is clearly untimely as no exception exists per [42] Pa.C.S.A. [] § 9545([b])(1)(i), (ii), or (iii), and this Court subsequently has no jurisdiction to grant any relief.

Rule 907 Notice, 12/23/14. Appellant did not file a response to the court's Rule 907 notice and, on February 5, 2015, the court issued a final order denying his PCRA petition.

Appellant filed a timely notice of appeal. On March 12, 2015, the PCRA court issued a Pa.R.A.P. 1925(a) opinion (despite not having ordered Appellant to file a Rule 1925(b) concise statement), indicating that its rationale for denying Appellant's petition was adequately set forth in its Rule 907 notice.

Attorney Hathaway subsequently filed with this Court a petition to withdraw and **Turner/Finley** "no-merit" letter. In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[2] which provides:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

---

[2] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney Hathaway filed his petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in **Pitts** is inapplicable.

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

We have reviewed Attorney Hathaway's petition to withdraw and no-merit letter. Counsel's no-merit letter sets forth the claim that Appellant "wishes to have reviewed, and detail[s] the nature and extent of counsel's review of the merits of" that claim. *Friend*, 896 A.2d at 615. Attorney Hathaway concludes that Appellant's challenge to the legality of his sentence is meritless, as "there is no factual basis" to support Appellant's claim that he was sentenced to a mandatory minimum term of incarceration. No-Merit Letter, 7/6/15, at 2 (unpaginated). Attorney Hathaway states that he has forwarded to Appellant a copy of his no-merit letter and application to withdraw. Counsel also attached a letter addressed to Appellant advising

him that, if this Court grants counsel's petition to withdraw, Appellant may proceed *pro se* or with the assistance of privately retained counsel. ***Id.*** at 2 (unpaginated). Accordingly, we conclude that Attorney Hathaway has satisfied prongs one through four of the above-stated test.

Next, this Court must conduct our own independent review of the record in light of the issues presented in Appellant's PCRA petition. Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on June 29, 2013, thirty days after the trial court ruled on his post-sentence motion. *See* Pa.R.Crim.P. 720(A)(2)(a) (stating that where a defendant files a timely post-sentence motion, "the notice of appeal shall be filed: (a) within 30 days of the entry of the order deciding the motion"); 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Thus, Appellant had until June 29, 2014, to file a timely PCRA petition, making his instant petition patently untimely. For this Court to have jurisdiction to review the

merits of his legality of sentencing claim, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). *See Commonwealth v. Fowler*, 930 A.2d 586, 592 (2007) ("[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant's contention that his sentence is illegal pursuant to *Alleyne* does not satisfy any of the above-stated exceptions, namely the "new constitutional right" exception set forth in section 9545(b)(1)(iii). In *Alleyne*, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne*, 131 S.Ct. at 2163. This Court recently held that a PCRA petitioner may not rely on *Alleyne* to satisfy the timeliness exception of section 9545(b)(1)(iii), stating:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), *citing Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also, e.g.*, *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must

have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Since

***Miller***, neither our Supreme Court nor the United States Supreme Court has

held that ***Alleyne*** applies retroactively. As such, Appellant cannot satisfy

the exception set forth in section 9545(b)(1)(iii). We also ascertain no way

in which his legality of sentencing issue could satisfy either of the exceptions

set forth in section 9545(b)(1)(i) or (ii).

Accordingly, we agree with Attorney Hathaway that the legality of

sentencing issue asserted in Appellant's petition is meritless, albeit for a

different reason than that presented by counsel in his no-merit letter.[3]

Thus, we affirm the PCRA court's denial of Appellant's untimely petition, and

grant counsel's petition to withdraw.

Order affirm. Petition to withdraw granted.

---

[3] Attorney Hathaway concludes that Appellant's claim that ***Alleyne*** renders his sentence illegal is meritless because no mandatory minimum sentence was imposed in this case. ***See*** No-Merit Letter, 7/6/15, at 2 (unpaginated). Because Appellant's legality of sentencing issue does not satisfy a timeliness exception, we do not have jurisdiction to assess the question of whether a mandatory minimum sentence was imposed, or whether any such sentence is illegal under ***Alleyne***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/14/2015</u>